## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## SOUTH BEND DIVISION

| | | |
|---|---|---|
| CRYSTAL D. MALDONADO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 3:18CV68-PPS |
| | ) | |
| ANDREW M. SAUL, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

### OPINION AND ORDER

This closed Social Security disability appeal is before me on the motion of

plaintiff's counsel for an attorney's fee pursuant to 42 U.S.C. §406(b)(1). [DE 32.]

Crystal Maldonado filed applications for disability insurance benefits and

supplemental security income benefits in November 2014. Following an unfavorable

decision by an Administrative Law Judge, the Appeals Council denied her request for

review. Maldonado filed her complaint in this Court pursuant to 42 U.S.C. § 405(g) on

January 29, 2018. On August 29, 2019, I reversed the Commissioner's final decision

denying Maldonado benefits, remanding the case back to the Social Security

Administration for further proceedings. On December 11, 2019, I granted an order

awarding Plaintiff's counsel attorney fees in the amount of $3,113.50 pursuant to the

Equal Access to Justice Act ("EAJA"). [DE 31.]

On remand, Maldonado has been found disabled and awarded past-due benefits

in the amount of $63,406.00. [DE 33 at 2.] Of the past-due benefits awarded, 25% or

$15,851.50, is being withheld by the Commissioner for potential payment of attorney's fees to Maldonado's counsel. [*Id.* at 6.]  Section 406(b)(1)(A) authorizes the district court, after a judgment favorable to the social security claimant, to "determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment."  Here, Maldonado's counsel seeks a fee in the amount of the full 25% of the past-due benefits.  In response, the Commissioner notes that the hourly rate represented by the requested fee award "greatly exceeds the typical hourly rates billed by attorneys in private practice," and suggests that a reasonable fee is "an amount less than [Maldonado] requests."  [DE 34 at 4, 6.]

I conclude that a full 25% contingency fee is reasonably awarded.  First, I note that claimant Maldonado entered into a Social Security contingent Fee Contract for representation in this court, in which Maldonado agreed to a contingent fee of up to 25% of whatever past-due benefits she would be awarded as a result of counsel's representation.  [DE 33-1 at 1.]  So Maldonado was fully aware of the potential for such a fee and agreed to that possibility.

Second, I believe that, absent extraordinary circumstances, a reasonable contingency fee for representation in social security appeals should be awarded in successful cases.  Contingency fees acknowledge and reward the substantial risk counsel face in undertaking this kind of case.  The availability of contingency fee

2

arrangements offer several societal benefits, by encouraging attorneys to represent claimants in social security appeals and enabling claimants unable to pay an hourly fee to obtain counsel.  Even though the hourly rate represented by the full 25% contingency fee seems like it might be excessive if viewed in isolation, I agree with Justice Burger's analysis:

> Attorneys who take cases on contingency, thus deferring payment of their fees until the case has ended and taking upon themselves the risk that they will receive no payment at all, generally receive far more in winning cases than they would if they charged an hourly rate.  The difference, however, reflects the time-value of money and the risk of nonrecovery usually borne by clients in cases where lawyers are paid an hourly rate.

*Hensley v. Eckerhart*, 461 U.S. 424, 448-449 (1983) (Burger, J., concurring); *see also Everroad v. Astrue*, No. 4:06-cv-100-DFH-WGH, 2009 WL 363546, at *2, *4 (S.D. Ind. Feb. 11, 2009) (approving hourly rate of approximately $800 in a social security case).

Counsel's performance before this court and on remand has resulted in a substantial award of past-due benefits, as well as secured for his client ongoing disability benefits and health care benefits, all as a result of counsel's work on her behalf.  Counsel devoted 10.55 hours on the civil litigation, and was professionally qualified to do so; in addition, non-attorney staff billed 8.75 hours on Maldonado's case before this court. [DE 33-4 at 1.]  I will approve the requested 25% fee award, and counsel will be required to refund to Maldonado the EAJA fee award of $3,113.50 previously obtained.

**ACCORDINGLY:**

The motion for an award of attorney fees under 42 U.S.C. §406(b) [DE 32] filed by Plaintiff's attorney is GRANTED.

Attorney Matthew F. Richter of Keller & Keller is awarded net attorney's fees in the amount of $15,851.50 (or 25% of plaintiff Maldonado's past-due benefits) for his representation of Crystal D. Maldonado before the court in this matter, payable directly to attorney Keller from the amount withheld by the Commissioner of Social Security from Maldonado's past-due benefits.

Attorney Keller shall refund to Maldonado the EAJA fee award of $3,113.50 previously approved by the court.

SO ORDERED.

ENTERED: February 22, 2021.

 /s/   Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT

4